UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 08-30** |
| **ANTOINE I. THOMPSON** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** Antoine I. Thompson's Motion to Correct Judgment (Doc. #41) is **DENIED**.

### BACKGROUND

On January 24, 2008, defendant, Antoine I. Thompson, was arrested by officers of the New Orleans Police Department for allegedly pointing an assault rifle at the officers. At the time of his arrest, Thompson was on parole from a Louisiana state sentence for distribution of marijuana. On February 1, 2008, Thompson's state parole was revoked because of the January 24, 2008, arrest.

On February 14, 2008, Thompson was indicted by a Grand Jury in the United States District Court for the Eastern District of Louisiana with possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On March 19, 2008, while in state custody, Thompson was arrested on the federal indictment.

On May 14, 2008, Thompson pleaded guilty as charged to the federal indictment, without a plea agreement.

On August 20, 2008, Thompson was sentenced to serve 79 months in the custody of the Bureau of Prisons. The court did not specify whether this sentence was to run concurrently or consecutively with Thompson's state sentence. Thompson's presentence investigation report did not mention that Thompson was serving a state sentence, nor did it make a recommendation of whether his federal sentence should be served concurrently with or consecutively to a state sentence. Therefore, the court was not aware that Thompson was serving a state sentence at the time of his sentencing in this matter.

After the court imposed the sentence, the following colloquy occurred between defense counsel, George Chaney; the Assistant United States Attorney, Tony Gordon Sanders; and, the court:

> MR. CHANEY: Your Honor, there is one final issue. Mr. Thompson just spoke to me in my ear about – he was originally arrested on this thing as a state court charge, Your Honor. He was arrested in January of 2008. Eventually, it was adopted by the Government, Your Honor, so he was asking me about custody credit, because it's the same conduct, basically, from January. I'd ask the Court to make an order that he gets custody credit for the time he served, with respect to this.
>
> THE COURT: Mr. Sanders, do you have any objection to that?
>
> MR. SANDERS: I believe the Bureau of Prisons makes those calculations as part of their determination, if I'm not incorrect.
>
> THE COURT: The sentence I am imposing will be with credit for time served.
>
> MR. CHANEY: Than you, Your Honor.
>
> THE COURT: The defendant is taken into custody. Thank you.

On August 26, 2008, the court entered a judgment in the case which stated that: "[t]he defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 79 months, with credit for time served, as to count 1 of the indictment."

On July 26, 2010, Thompson filed a motion to correct the judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Thompson contends that the Bureau of Prisons has refused to give him credit for time served from his arrest on January 24, 2008, to the date of his sentencing in the federal case, August 20, 2008, because that time was spent in custody in fulfillment of his state sentence for the parole revocation. Thompson asks the court to specify that he is to be given credit on his federal sentence for the seven months served between January 24, 2008, and August 20, 2008, on his state parole revocation.

The government argues that there was no clerical error in the judgment that could be corrected under Rule 36. The government also argues that the court does not have jurisdiction to modify Thompson's sentence, and that the Bureau of Prisons must determine when the sentence is deemed to commence, and what time in custody counts toward the fulfillment of the sentence.

## ANALYSIS

A.   **Rule 36 of the Federal Rules of Criminal Procedure**

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure the court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission." FED. R. CRIM. PRO. 36. Rule 36 permits the court to correct clerical errors such as discrepancies between the orally imposed sentence and the written

judgment. United States v. Salina, 359 F.3d 356 (5th Cir. 2004) (citing United States v. Steen, 55 F.3d 1022, 1025-26 n. 3 (5th Cir. 1995)) (noting that clerical errors under Rule 36 are limited to "'mindless and mechanistic mistakes'" and "'minor shifting of facts.'"). A court cannot make substantive modifications to an orally pronounced sentence under Rule 36. United States v. DeMartino, 112 F.3d 75, 79 (2nd Cir. 1997).

There is no discrepancy between the orally imposed sentence and the written judgment in this case. The court stated during the sentencing hearing that Thompson's sentence would be with credit for time served, which is exactly what the written judgment reflects. Instead, Thompson seeks a modification of the sentence, which is not permissible under Rule 36.

Further, pursuant to 18 U.S.C. § 3582, the court cannot modify a term of imprisonment once it has been imposed except: (1) upon a motion from the Director of the Bureau of Prisons; (2) to the extent expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure[1]; or (3) if the United States Sentencing Commission subsequently lowers the sentencing range under which the defendant was sentenced. None of the three scenarios listed in § 3582 apply to Thompson. Therefore, the court lack's jurisdiction modify the Thompson's sentence. See 18 U.S.C. § 3582(b).

**B.     Motion Under 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court that imposed the sentence to vacate, set aside, or correct the sentence. "Section 2255 provides the primary means of

---

[1] Rule 35 of the Federal Rules of Criminal Procedure permit the court to reduce a defendant's sentence: (1) within 14 days after sentencing to correct a sentence that resulted form an arithmetical, technical, or other clear error; or (2) upon a motion of the government to recognize the defendant's substantial assistance. FED. R. CRIM. PRO. 35.

4

collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentencing.'" Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)).

Section 2255(f) provides that a one year statute of limitations applies to § 2255 motions. The limitations period begins to run until, at the earliest, " the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final when the Supreme Court of the United States "affirms a conviction on the merits of direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 123 S.Ct. 1072, 1076 (2003).

If Thompson's motion is construed as a § 2255 motion, it is untimely. The Supreme Court of the United States denied Thompson's petition for a writ of certiorari on October 29, 2009. Thompson filed his motion more than a year later, on July 21, 2011.[2] Therefore, Thompson's motion must be dismissed.

## C.    18 U.S.C. § 3585

However, pursuant to 18 U.S.C. § 3585, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed." The Bureau of Prisons is hereby instructed to ensure that its determination whether the time Thompson served prior to August 20, 2008, was served as a result of the state parole revocation sentence.

---

[2] Under the prison mailbox rule, a *pro se* prisoner's motion is deemed to be filed when he turns it over to prison officials for mailing. See Spotvill v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998).

## CONCLUSION

**IT IS HEREBY ORDERED** Antoine I. Thompson's Motion to Correct Judgment (Doc. #41) is **DENIED**.

New Orleans, Louisiana, this   26th   day of September, 2011.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**